## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

DANIEL FELLNER,

       Plaintiff,

v.                                        CASE NO. 2:10-CV-155-FtM-36SPC

KERRY CAMERON, individually and as
Owner and Investment Consultant of
Investment Brokers of SW Florida, Inc.;
NANCY CAMERON, individually and as
Owner and Licensed Realtor for Investment
Brokers of SW Florida, Inc.;
INVESTMENT BROKERS OF SW
FLORIDA, INC.; SECURITY NATIONAL
MORTGAGE COMPANY OF UTAH;
ROYAL PALM MORTGAGE, INC.; JOHN
MURNANE, individually and as President
of Royal Palm Mortgage, Inc.; BANYAN
TITLE & ESCROW, INC.; STEVEN O.
SHAFFER, individually and as President of
Banyan Title; AMERICA'S FIRST HOME,
LLP; AMERICA'S FIRST HOME;
AMERICA'S FIRST HOME OF
SOUTHWEST FLORIDA, LLP;
AMERICA'S FIRST HOME OF
SOUTHWEST FLORIDA; BARRY E.
FREY, individually and as Registered Agent
for America's First Home, America's First
Home, LLP, America's First Home of
Southwest Florida, and America's First
Home of Southwest Florida, LLP; and
WELLS FARGO BANK, N.A., successor
by merger to Wells Fargo Home Mortgage,
Inc.,

       Defendants,

_____/

## ORDER

**THIS CAUSE** is before the Court on the motion to dismiss filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) on February 18, 2011 (Dkt. 156). Plaintiff filed a response in opposition on May 31, 2011 (Dkt. 187). Additionally, Plaintiff filed a cross motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a) if the Court found that Plaintiff failed to state a cause of action upon which relief can be granted. Plaintiff also moved to strike the affidavit of Michael Blaine, Esq., which was filed in support of Wells Fargo's motion to dismiss. Wells Fargo filed a response in opposition to the Cross Motion on June 17, 2011 (Dkt. 190). For the reasons stated below, the Court will grant all three Motions.

## I.   BACKGROUND

As alleged in the Amended Complaint, Plaintiff was and is still a resident of New York (Dkt. 128, p. 4, ¶1). In the mid 1990s, Kerry Cameron, a resident of Florida, encouraged Plaintiff to loan money allegedly to a client of Kerry and Nancy Camerons' (the "Camerons") and Investment Brokers of SW Florida, Inc.'s ("IBSWF") for a real estate purchase. *Id*. at p. 6, ¶8.[1] In exchange for the loan, Plaintiff would receive an interest rate return. *Id*. Plaintiff agreed to such loans twice and received full payments. *Id*. at p. 6, ¶8. The Camerons are licensed real estate brokers in Florida and through their business, IBSWF, acted as real estate brokers, salespersons and managers over all the properties that were acquired by Plaintiff. *Id*. at pp. 7-8, ¶12.

Between 1992 and 2005, Kerry Cameron induced Plaintiff into participating in several real estate propositions, notes and mortgages for investment whereby the Camerons and IBSWF located

---

[1] The Facts Section of the Amended Complaint begins with paragraph 8, after following paragraphs 1 through 12, which identify the parties in this case.

and valued properties for purchase from American's First Home[2] ("AFH"), conducted purchase negotiations on behalf of the parties, set up funding for the purchase and rent of the properties through Royal Palm Mortgage, Inc. ("RPMI"), prepared the mortgage and purchase paperwork as "co-broker" with Banyan Title & Escrow, Inc. ("BTEI"), managed the properties purchased by Plaintiff by finding available tenants to live in the houses on a "rent to own" basis, and controlled and prepared the rent-to-own documents. *Id*. at p. 7, ¶9. All paperwork relating to the mortgages and rent-to-own agreements were given to Plaintiff by IBSWF and/or the Camerons with the instruction to sign and return them immediately. *Id*. at p. 7, ¶10. Plaintiff signed the paperwork, relying on IBSWF and the Camerons' expertise, and never received paperwork from any other Defendant. *Id*.

While IBSWF and the Camerons located properties available for purchase in and around Lee County and other counties that they deemed suitable for investment in this rent-to-own plan, they also maintained that the other "parties" in the transactions were experts in their various fields, were unrelated to IBSWF and the Camerons, and were entering into the contracts in good faith and legitimately. *Id*. at pp. 9-10, ¶¶15-16. Because the real estate was purchased on his credit, Plaintiff signed all real estate documents for the purchase and never sent money for the cash-down requirements, relying on the promises of IBSWF and the Camerons that the money would be covered by promissory notes used in lieu of a down payment. *Id*. at p. 10, ¶17. Plaintiff never saw a promissory note, nor did he know from whom the money was coming. *Id*. Despite the representation of the existence of promissory notes, the real estate paperwork does not reflect the

---

[2] America's First Home includes America's First Home, LLP, America's First Home, America's First Home of Southwest Florida, LLP and America's First Home of Southwest Florida.

use of promissory notes for the funding of the purchases.  *Id*. at p. 10, ¶18.

In October 2006, Kerry Cameron, acting on behalf of the Camerons and IBSWF, contacted Plaintiff about eight properties that he insisted Plaintiff should be purchase.  *Id*. at p. 10, ¶19.  Kerry Cameron represented that the properties were suitable as investments in the rent-to-own plan and would be profitable.  *Id*.

Between February 2007 and December 2007, Plaintiff, relying on the representations of IBSWF and the Camerons with respect to the properties, purchased five of the properties.  *Id*. at p. 10, ¶21.  The general scheme of the purchases was as follows: the mortgage was procured in Plaintiff's name by the Camerons and/or IBSWF, through RPMI and with various mortgage providers, including Security National Mortgage Company of Utah ("SNMC"); and the cash-down requirement on the property was taken care of with a promissory note that Plaintiff never saw and that was never reflected on the real estate paperwork.  *Id*.  It was represented to Plaintiff that the price of the properties, the timing for the purchases and the manner in which the properties were purchased was legal and conducive to the parties' plan to employ the rent-to-own method to sell the properties for profit at a later date.  *Id*. at p. 11, ¶22.  Plaintiff relied on Defendants' expertise and representations regarding the value of the properties.  *Id*. at pp. 11-12, ¶¶23-25.

Wells Fargo is the holder of the note and mortgage for a property at 1930 Dolphin Drive, Kissimmee, Florida.  *Id*. at p. 12, ¶26.  SNMC assigned the note and mortgage to Wells Fargo.  *Id*. at p. 12, ¶28.  Wells Fargo instituted a foreclosure action on the Dolphin Drive Property.  *Id*. at p. 12, ¶27.

## II.   **PROCEDURAL HISTORY**

- 4 -

Plaintiff filed his initial complaint on January 28, 2009 (Dkt. 1) and filed an amended complaint on October 28, 2010 (Dkt. 128). He alleges five claims against numerous Defendants: 1) fraudulent inducement against all Defendants; 2) fraudulent concealment of material facts against all Defendants; 3) breach of fiduciary duty against the Camerons and IBSWF; 4) breach of fiduciary duty to provide sound advice and/or reckless or negligent advisement against the Camerons and IBSWF; and 5) mismanagement and conversion of funds against the Camerons and IBSWF.

### III.   LEGAL STANDARDS

#### A.   Motion To Dismiss under Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss, a pleading must first comply with Fed. R. Civ. P. 8(a)(2) by including a "'short and plain statement showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp, et al. v. Twombly, et al.*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere naked assertions, too, are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* at 1950. Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss." *Id.*(citation omitted).

#### B.   Heightened Pleading Standard for Fraud Claims

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The Eleventh Circuit has held that a plaintiff must allege: 1) precise statements, documents or misrepresentations made; 2) time, place and person responsible for the statement; 3) the content and manner in which these statements misled the plaintiff; and 4) what the defendants gained from the alleged fraud.  *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)(citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).  However, the application of Rule 9(b) must not abrogate the concept of notice pleading.  *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)(citing *Durham v. Bus. Management Assocs.*, 847 F.2d1505, 1511 (11th Cir. 1988)).

### C.      Leave to Amend under Federal Rule of Civil Procedure 15(a)

Under Rule 15(a)(2), a party may amend his complaint only with the opposing party's written consent or leave from the court.  The court should freely give leave when justice requires it.  Fed. R. Civ. P. 15(a)(2).  A denial of a motion to amend is permitted if the amendment would be futile to cure the defects of the complaint.  *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n. 10 (11th Cir. 2000)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).  However, "[i]f the underlying facts or circumstances relied on by plaintiff may be a proper subject of relief, leave to amend 'should be freely given.'" *Stringer v. Jackson*, 392 Fed. Appx. 759, 760 (11th Cir. Aug. 16, 2010)(citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004)(quoting Fed. R. Civ. P. 15(a)(2)).

### D.      Motion to Strike

For motions to dismiss, the scope of review is limited to the four corners of the complaint. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *see Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999)(same).  If the extrinsic documents meet these requirements, then the court may consider the documents as part of the pleadings and will not be required to convert the motion to dismiss into a motion for summary judgment. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d at 1369 (11th Cir. 1997).

## IV.   <u>ANALYSIS</u>

Wells Fargo moves to dismiss Plaintiff's claims for fraud in the inducement and fraudulent concealment of material facts (Dkt. 156, p. 15).  Wells Fargo specifically argues that Plaintiff: 1) failed to identify the time, place and manner of any misrepresentations made by Wells Fargo or the original lender; 2) did not allege scienter with specificity; 3) has not demonstrated that he relied on any misrepresentations from Wells Fargo; 4) did not suffer an injury; 5) failed to show that Wells Fargo had a duty, as the assignee of the mortgage, to him for the fraudulent concealment claim; and 6) did not show that Wells Fargo is liable for SNMC's actions because it is a holder in due course of the Note and Mortgage. *Id*. at pp. 15-23.

In response to the motion to dismiss, Plaintiff contends that he sufficiently alleged a claim for fraudulent inducement and fraudulent concealment of material facts (Dkt. 187, p. 7).  Plaintiff further submits that he has alleged a pattern of transactions that provide a reasonable delineation of the underlying acts test found in *NCR Credit Corp. v. Reptron Elecs., Inc.*, 155 F.R.D. 690 (M.D.

Fla. 1994). *Id*. at p. 8.  Plaintiff states that Defendants, including Wells Fargo, engaged in several actions that constitute fraudulent inducement.  *Id*. at pp. 10-12.  Plaintiff also argues that: 1) there is no duty requirement for a fraudulent concealment claim; 2) he alleged scienter on the part of Wells Fargo; 3) Wells Fargo's argument regarding reliance and damages is nonsensical; 4) and whether Wells Fargo is a bona fide purchaser is an issue of fact that is not ripe for determination on this motion to dismiss.  *Id*. at pp. 13-18.

To begin, the Court distinguishes this case from previous cases that relaxed the Rule 9(b) requirement of specificity.  In *NCR Credit Corp.*, this Court notes situations where the strict application of Rule 9(b) could result in substantial unfairness to litigants who could not possibly have detailed knowledge of all the circumstances surrounding the alleged fraud.  155 F.R.D. at 692 (citing *In re Sahlen & Assocs. Inc. Securities Litigation*, 773 F. Supp. 342, 352 (S.D. Fla. 1991)); *see McDonough v. Americom Int'l Corp.*, 151 F.R.D. 140, 142 (M.D. Fla. 1993)("Logically, where such information is not available before commencement, this requirement [under Rule 9(b)] should be relaxed.").  In those situations, the reasonable delineation of the underlying acts and transactions test should apply because  the nature of the litigation, specifically securities fraud, makes it impossible for the litigant to have access to the detailed knowledge necessary to meet the requirements of Rule 9(b).  *Id*.

The present case does not involve securities fraud, and there are no circumstances outlined in the complaint that require the use of the reasonable delineation of the underlying acts and transactions test.  Consequently, the Court does not apply this relaxed standard.  The Court now determines whether Counts One and Two of the Amended Complaint meet the requirements of Rule 9(b).

**A.      Fraud in the Inducement**

To state a cause of action for fraud in the inducement, the plaintiff must allege: 1) a false statement regarding a material fact; 2) the speaker's knowledge that the representation is false; 3) intent that the representation induces another's reliance; and 4) consequent injury to the party relying on the representation.  *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808-09 (11th Cir. 2010).  The heightened pleading standard "serves an important purpose in a fraud action by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross Blue Shield of Fla. Inc.*, 116 F.3d at 1370-71 (11th Cir. 1997); *see Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1302 (S.D. Fla. 2009)(same).

In the Amended Complaint, Plaintiff contends that Defendants and their agents inflated the values of the properties and knew or should have known that the property values were inflated well above the fair market value at the time, in and around the respective areas where each property was located (Dkt. 128, p. 13, ¶30).  Furthermore, Plaintiff alleges that Defendants received "kick backs" from the real estate transactions from the difference between the fair market value of the properties and the inflated purchase price and/or received commissions and/or fees from these transactions at a time when the real estate business was severely declining.  *Id*. at p. 13, ¶32.  He contends that all Defendants knew or should have known that the real estate market at the time of the purchases was unstable.  *Id*. at p. 13, ¶33.  Defendants either made misrepresentations or passively accepted the false representations without correction or objection with the intent to deceive Plaintiff and induce him to purchase the properties.  *Id*. at pp. 13-14, ¶33.

Specific to Wells Fargo, Plaintiff contends that the Bank assumed a mortgage that had been

approved based on a fraudulent overvaluation of the Dolphin Drive property. *Id*. at p. 14, ¶35. Plaintiff also alleges that Wells Fargo conspired with the other Defendants to induce investors, in particular Plaintiff, to finance mortgages for overvalued properties, exposing them to unsecured risk. *Id*. at p. 14, ¶36. Once Plaintiff agreed to the rent-to-own plan, Wells Fargo became the holder of the note and mortgage, and in doing so, Wells Fargo knew beforehand that the mortgage had been issued based on fraudulent overvaluation of the mortgaged premises. *Id*.

Plaintiff has failed to meet his burden to allege a fraud in the inducement claim against Wells Fargo. Nowhere in the amended complaint does Plaintiff allege that anyone acting on behalf of Wells Fargo made a false statement to Plaintiff regarding the value of the Dolphin Drive property. Furthermore, the amended complaint does not state when Plaintiff acquired the Dolphin Drive property or when Wells Fargo acquired the Note and Mortgage to the Dolphin Drive property. Simply put, Plaintiff does not allege the who, what, where, when and how as to Defendant Wells Fargo. As this case involves multiple defendants, the complaint should inform each defendant of the nature of his participation in the fraud. *Ambrosia Coal & Construction Co. v. Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007). Therefore, the Court must dismiss Count One of Plaintiff's Amended Complaint against Wells Fargo.[3]

### B.   Fraudulent Concealment of Material Facts

"Causes of action for . . . fraudulent inducement and fraudulent concealment have identical elements, which are: (1) false statement of material fact or suppression of truth by the defendant; (2) the defendant knew or should have known the statement was false, or made the statement without

---

[3] The Court does not address Wells Fargo's argument as to whether it is a holder in due course because it does not consider the Note and Mortgage attached to the Motion to Dismiss, for reasons stated later in the Order.

knowledge as to truth or falsity; (3) the defendant intended the false statement or omission to induce the plaintiff's reliance; and (4) the plaintiff justifiably relied to his detriment." *Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1122 (M.D. Fla. 2009)(external citations omitted). Additionally, the intent to fraudulently conceal material facts must be accompanied by time and place details. *See Greenberg v. Miami Children's Hosp. Research Institute, Inc.*, 264 F. Supp. 2d 1064, 1073-74 (S.D. Fla. 2003). Further, under Florida law, omissions are not actionable as fraudulent misrepresentations or concealments unless the party concealing the information owes a duty of disclosure to the party receiving the information. *Behrman v. Allstate Ins. Co.*, 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005); *TransPetrol Ltd. v. Radulovic,* 764 So. 2d 878, 880 (Fla. 4th DCA 2000) ("A defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose.").

In Count Two, Plaintiff alleges that "all Defendants had undisclosed contacts with all or some of the following: the builders (AFH), the contractors (AFHC), other mortgage providers (including RPMI and SNMC), loan servicing companies (including RPMI), the title companies (including BYEI), the property appraisers and the property closing entity, all of whom were party to the real estate transactions that Plaintiff was induced to involve himself in" (Dkt. 128, p. 16, ¶46). Plaintiff further contends that Defendants utilized these relationships to overvalue the properties, control the flow of information and cash and directly profited from the various agreements and overpaid sums. *Id.* at ¶48.

Plaintiff has failed to meet his burden to allege a fraudulent concealment of material facts claim against Wells Fargo. First, Plaintiff does not specifically identify Wells Fargo in this claim or make a specific reference to the Dolphin Property. Second, it is unclear how the undisclosed

contacts of each (or any) of the Defendants affected the transactions.  Third, it is unclear how the concealment of the relationship among Defendants induced Plaintiff to enter into the real estate transactions.  Fourth, Plaintiff has not alleged facts sufficient to establish a duty on the part of Wells Fargo to disclose information to Plaintiff.  Therefore, the Court must dismiss Count Two of Plaintiff's Amended Complaint.

### C.      Leave to Amend

Plaintiff requests leave to amend his complaint if the Court finds that he has not sufficiently alleged his fraud claims against Wells Fargo (Dkt. 187, pp. 18-19).  Wells Fargo opposes this motion for leave to amend asserting that an amendment would be futile, and Wells Fargo would be prejudiced by Plaintiff's unexplained delay in amending his complaint since the time that Wells Fargo moved to dismiss this action in February 2011 (Dkt. 190, pp. 3-5).

The Court will give Plaintiff leave to further amend his complaint.  Based on the information provided in the complaint, the Court cannot make a determination as to whether Plaintiff has a viable fraud claim against Wells Fargo.  Whether Wells Fargo is a holder in due course cannot be determined from the four corners of the amended complaint and is best determined on a motion for summary judgment.

### D.      Striking the Affidavit

Plaintiff also seeks to strike the affidavit of Michael Blaine, Esq.,[4] counsel for Wells Fargo, which attests to the validity and veracity of the Note and Mortgage (Dkt. 187, p. 19-20) attached to the Motion to Dismiss (Dkt. 156, Ex. 1, Atts. B and C).  Plaintiff contends that it is improper for Wells Fargo's attorney to act as both an advocate and a witness in this case (Dkt. 187, p. 20).  In

---

[4]  Specifically, Plaintiff states that "such affidavit, particularly paragraph 5 of said Affidavit, must be stricken and not regarded by this Court" (Dkt. 187, p. 19).

opposition, Wells Fargo notes that the Court may consider documents that are central to the complaint if they are attached to a motion to dismiss (Dkt. 190, p. 5). The affidavit was offered as a way to submit the documents to the Court. *Id*. Further, Wells Fargo contends that there is no dispute that Plaintiff entered into the Note and Mortgage and that any claim Plaintiff may have regarding the existence of the Note and Mortgage is not against Wells Fargo, the assignee. *Id*.

The Court finds that the affidavit, in its entirety, must be stricken. First, Defense Counsel's affidavit attached to the motion to dismiss as Exhibit 1 (Dkt. 156) is not proper for purposes of authenticating the documents. *See* Fed. R. Evid. 901, 902. The affidavit does not include the basis for defense counsel's familiarity with the facts set forth in the affidavit, *i.e.* paragraph 5, as defense counsel appears to be retained counsel and not inside counsel. Second, based on Plaintiff's arguments, it appears that Plaintiff is challenging the validity and veracity of the Note, Mortgage and assignment to Wells Fargo. Therefore, the Court will strike the affidavit and not consider the Note and Mortgage in addressing the Motion to Dismiss.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.    Wells Fargo Bank's Motion to Dismiss (Dkt. 156) is **GRANTED**.

2.    Plaintiff's Cross Motion for Leave to Amend and to Strike the Affidavit is **GRANTED**.

3.    Plaintiff's Amended Complaint (Dkt. 128) is **DISMISSED without prejudice**.

4.    Plaintiff is granted leave to file a second amended complaint within **FOURTEEN (14) DAYS** from the date of this Order.

5.    The Clerk is directed to strike the affidavit of Michael E. Blaine and attachments

thereto,  attached as Exhibit 1 to Wells Fargo's Motion to Dismiss (Dkt. 156).

**DONE AND ORDERED** at Ft. Myers, Florida, on September 20, 2011.

Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD

- 14 -