**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DAVID FELLNER,

                Plaintiff,

vs.                                         Case No. 2:10-cv-155-FtM-99SPC

KERRY CAMERON; NANCY AMERON;
INVESTMENT BROKERS OF SW
FLORIDA, INC.; SECURITY NATIONAL
MORTGAGE COMPANY OF UTAH;
ROYAL PALM MORTGAGE, INC.;
JOHN MURNANE; BANYAN TITLE &
ESCROW, INC.; STEVEN O.
SHAFFER; AMERICA'S FIRST HOME,
LLP; AMERICA'S FIRST HOME;
AMERICA'S FIRST HOME OF
SOUTHWEST FLORIDA; BARRY E.
FREY; and WELLS FARGO BANK,
N.A.,

                Defendants.

_____

## ORDER

This cause is before the Court on the following:

1.      Defendants America's First Home, LLP, America's First Home, America's First Home of Southwest Florida, LLP, and Barry E. Frey's Motion to Dismiss (Doc. No. 228), filed November 11, 2011;

2.      Defendant SecurityNational Mortgage Company's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 230), filed November 14, 2011;

3.      Defendant Wells Fargo Bank's Motion to Dismiss the Third Amended Complaint (Doc. No. 231), filed November 17, 2011;

4.    Defendants Banyan Title and Escrow, Inc.'s and Seven O. Shaffer's Motion to Dismiss the Third Amended Complaint (Doc. No. 233), filed November 28, 2011;

5.    Plaintiff's Memorandum of Law in Opposition to Defendants America's First Home, LLP, America's First Home, America's First Home of Southwest Florida, LLP, and Barry E. Frey's Motion to Dismiss Plaintiff's Third Amended Complaint, with Cross Motion (Doc. No. 246), filed December 14, 2011;

6.    Defendants America's First Home, LLP, America's First Home, America's First Home of Southwest Florida, LLP, and Barry E. Frey's Response in Opposition to Plaintiff's Cross Motion (Doc. No. 247), filed December 28, 2011;

7.    Plaintiff's Memorandum of Law in Opposition to Defendant SecurityNational Mortgage Company's Motion to Dismiss Plaintiff's Third Amended Complaint, with Cross Motion (Doc. No. 251), filed January 6, 2012;

8.    Plaintiff's Memorandum of Law in Opposition to Defendants Banyan Title and Escrow, Inc.'s and Seven O. Shaffer's Motion to Dismiss the Third Amended Complaint, with Cross Motion (Doc. No. 253), filed January 12, 2012;

9.    Plaintiff's Memorandum of Law in Opposition to Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss the Third Amended Complaint, with Cross Motion (Doc. No. 255), filed January 13, 2012;

10.   Defendant SecurityNational Mortgage Company's Response to Plaintiff's

Cross Motion for Leave to Amend Complaint as Against SecurityNational Mortgage Company (Doc. No. 258), filed January 20, 2012;

11.    Defendant Wells Fargo Bank's Memorandum of Law in Opposition to Plaintiff's "Cross Motion for Alternative Relief" (Doc. No. 260), filed January 27, 2012.

## BACKGROUND

This lawsuit was filed in federal court on January 28, 2009.  Since then, Plaintiff has amended his complaint three times.  The operative pleading, Plaintiff's Third Amended Complaint, was filed October 28, 2011.  (Doc. No. 225.)  In it, Plaintiff brings claims against numerous Defendants connected to five investment properties purchased by Plaintiff in 2007.  Plaintiff purchased these properties so that he could lease them to tenants on a "rent-to-own" basis.  Plaintiff's investments did not work out as he had hoped.

Plaintiff alleges Defendants Kerry Cameron and Terry Cameron are real estate agents and brokers.  They located the properties, facilitated the sales, maintained the properties, and oversaw the rental of the properties.  Defendant Investment Brokers of SW Florida, Inc. ("Investment Brokers") is the Camerons' real estate brokerage. Defendant Royal Palm Mortgage, Inc. ("Royal Palm") processed the loan and mortgage paperwork so that Plaintiff could purchase the properties on credit.  Defendant John Murnane, who is the president of Royal Palm, assisted with the processing of the loan applications.  Defendant Banyan Title and Escrow, Inc. ("Banyan Title") was the closing, title insurance and escrow agent who participated in the sale of one or more properties. Defendant Steven Shaffer is the president of Banyan Title and its owner.  The America

First Defendants[1] sold the properties to Plaintiff.  Defendant Berry Frey is the President of each of the America First Defendants as well as their owner.   Defendant SecurityNational Mortgage Company ("SecurityNational") was the original holder of the notes and mortgages.   SecurityNational assigned the notes and mortgages to Defendant Wells Fargo Bank, N.A. ("Wells Fargo").

In a nutshell, Plaintiff contends the Defendants duped him into purchasing the properties at inflated prices and received improper payments during the course of these transactions.   Banyan Title, Shaffer, Frey, SecurityNational, Wells Fargo and the America First Defendants move to dismiss Plaintiff's claims.

## APPLICABLE STANDARDS

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).   In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs*, 551 U.S. at 323.   However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[1]    Plaintiff refers to Defendants America's First Home, LLP, America's First Home, America's First Home of Southwest Florida, LLP collectively throughout his Third Amended Complaint.  The Court does the same in this Order; however, Plaintiff shall separately identify and refer to each Defendant in all subsequent pleadings.

do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once the court discards allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth," the court must determine whether the well-pled facts state a claim to relief that is plausible on its face. *Id.* at 1949-50 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of a defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## DISCUSSION

Defendants collectively move to dismiss the claims appearing in three Counts of Plaintiff's Third Amended Complaint. The first two Counts, Count I and Count II, are challenged, among other things, on the grounds that the allegations fail to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). The Court will address

these arguments first.  Thereafter, the Court will address the parties' arguments relating to the negligence claims brought against Securitynational and Wells Fargo.  Lastly, the Court will discuss Plaintiff's numerous "cross-motions" for leave to amend the complaint.

### Pleading Requirements for Claims Sounding in Fraud

In this case, Plaintiff must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) for those claims that sound in fraud.  Rule 9(b) provides, in order to state a claim premised on fraud, "a party must state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  The "particularity" requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.' "  *Ziemba v. Cascade Int'l., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citing *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984); *Next Century Commc'n Corp. v. Ellis*, 318 F.3d 1023, 1027-28 n.1 (11th Cir. 2003) (indicating that a plaintiff must satisfy Rule 9(b)'s pleading requirements in a diversity fraud action); *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985) (Rule 9(b) serves to "eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed.").

To satisfy Rule 9(b)'s "particularity" standard, a complaint must identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gains by the alleged fraud. *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (citation omitted).  Thus, Rule 9(b) requires more than conclusory allegations that

certain statements were fraudulent; "it requires that a complaint plead facts giving rise to an inference of fraud*." U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002) ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in [a] conclusory fashion. . . . [A] plaintiff is not expected to actually prove his allegations," but must offer more than "mere conjecture.").  The allegations of Plaintiff's Third Amended Complaint fail to state a claim in Count I and Count II for at least the following three reasons.

First, the allegations of the Third Amended Complaint do not satisfy the particularity requirement of Rule 9(b).  While Plaintiff alleges general categories of misrepresentations and omissions, he does not point to specific misrepresentations by Defendants.  It is not enough to identify the participants of a real estate closing and allege fraud based upon the closing price or the existence of vague "kick-backs." Plaintiff must identify <u>specific</u> misrepresentations in the transaction documents or related communications, allege who made the misrepresentations, when the misrepresentations were made, how the misrepresentations misled him, and the alleged benefit which accrued to each Defendant.  *See, e.g.*, *Am. Dental Ass'n v. Cinga Corp.*, 605 F.3d 1283, 1291-92 (11th Cir. 2010) (holding Rule 9(b)'s requirement for particularity requires more than pointing to e-mail and letter communications between Defendants and Plaintiffs).  Here, among other things, Plaintiff fails to identify the purchase prices of the properties, the dates of the closings, the documents containing the fraudulent statements, the fraudulent statements themselves, and the "kick-backs" allegedly paid to the various Defendants.[2]

---

[2]  All of this information should be available from the closing documents, which are presumably in Plaintiff's possession.  While such documents do not need to be

Second, the particularity requirement of Rule 9(b) is intended to provide each Defendant with notice of the specific fraudulent statements attributable to them.  The allegations in the Third Amended Complaint do not do this.  Instead, Plaintiff lumps many Defendants together in claims relating to vaguely defined fraudulent conduct related to multiple transactions.  By combining his allegations in this manner, Plaintiff has made it impossible to determine which fraudulent statement(s) were attributable to which Defendant.  As it stands now, the allegations of Plaintiff's complaint confuse and obfuscate each Defendant's conduct to the point where the particularity requirement of Rule 9(b) is not satisfied.  *See, e.g.*, *Currie v. Cayman Resources Corp.*, 595 F. Supp. 1364, 1372 (N.D. Ga. 1984) (discussing the inappropriateness of blanket allegations of fraud brought against multiple defendants without specifying the actions or circumstances for which plaintiff seeks to have each defendant held liable); *cf. Eagletech Commc'ns, Inc. v. Bryn Mawr Inv. Grp., Inc.*, 79 So. 3d 855, 862-63 (Fla. 4th DCA 2012) (discussing, albeit under Florida law, the lack of specificity which occurs when a plaintiff impermissibly lumps together in a single count multiple misrepresentations made by multiple defendants).

Third, as discussed above, while it is unclear from the allegations of the Third Amended Complaint who said what to whom and when, it is clear is that Plaintiff is trying to rely, at least to some extent, on allegedly fraudulent statements made by the Camerons and their company as agents of some or all of the remaining Defendants.  To the extent Plaintiff is relying on an agency relationship, he must allege facts which support the existence of such relationship.  In Florida, to support an actual agency

---

attached to the complaint, to the extent the closing documents are the source of the alleged fraudulent statements, they should be specifically referred to in the complaint.

relationship, Plaintiff must allege (1) acknowledgment by the principal that the agent will act on the principal's behalf, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent.  *See, e.g.*, *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 326 (Fla. 3d DCA 2008).  As in *Ocana*, the complaint in this case is "devoid of any allegation of some of the tell-tale signs of a principal-agent relationship, such as the ability of the principal to hire, fire, or supervise" the purported agent.  *Id.*  Thus, Plaintiff has failed to allege facts sufficient to support its claims under a theory of actual agency.

Plaintiff's allegations fare no better if analyzed as expressing an apparent agency relationship.  To support an apparent agency relationship in Florida, Plaintiff must allege (1) a representation by the purported principal, (2) a reliance on that representation by a third party, and (3) a change in position by the third party in reliance on the representation.  *See id.*  The first element is not satisfied by the allegation of the Third Amended Complaint.  Plaintiff does not allege that any of the purported principals-- SecurityNational, Royal Palm, Murnane, Banyan Title, Shaffer, the America First Defendants, or Frey--informed him that the Camerons would act on the principal's behalf.

Further, Plaintiff cannot rely on his subjective understanding of the Defendants' relationships or on a theory that the Camerons or Investment Brokers acted in a manner which created an appearance of an agency relationship.  " 'Apparent authority' does not arise from the subjective understanding of the person dealing with the purported agent, nor from appearances created by the purported agent himself; instead, 'apparent authority' exists only where the principal creates the appearance of an agency relationship." *Id.* (quoting *Izquierdo v. Hialeah Hosp. Inc.*, 709 So. 2d 187, 188 (Fla. 3d

DCA 1998)).   Thus, Plaintiff has failed to allege facts sufficient to support its claims under a theory of apparent agency.

In view of the above, the Court concludes Count I and Count II of Plaintiff's Third Amended Complaint are due to be dismissed to the extent such Counts are brought against Banyan Title, Shaffer, Frey, SecurityNational, Wells Fargo and the America First Defendants.  In this regard, Plaintiff's claims are dismissed without prejudice.

### Negligence Claims Against SecurityNational and Wells Fargo

Beginning in paragraph 65 of the Third Amended Complaint, Plaintiff asserts a negligence claim against SecurityNational and Wells Fargo arising from one real estate transaction.   Plaintiff contends that SecurityNational and, by extension, Wells Fargo were duty-bound to investigate the economics of the real estate transaction, its legitimacy, and the veracity of the closing documents.  Plaintiff alleges SecurityNational and Wells Fargo failed to fully investigate the transaction and failed to ascertain the "true fair market value" of the property.

SecurityNational and Wells Fargo argue Plaintiff's claims should be dismissed because Florida law does not impose a duty on mortgage lenders, or subsequent holders of notes and mortgages, to investigate the underlying transaction.  In Florida, one of the elements of a negligence claim is a "duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (internal quotations and citations omitted).  Whether a legal duty exists is a question of law. *Westervelt v. Thyssenkrupp Elevator Corp.*, 76 So. 3d 10, 11 (Fla. 4th DCA 2011); *McKesson Medication Mgmt., LLC v. Slavin*, 75 So. 3d 308, 311 (Fla. 3d DCA 2011).

The Court has not found, nor does Plaintiff point to, any case in which a Florida court has held that a lender has a legal duty to use reasonable care to investigate a real estate transaction or competently process the loan and mortgage documents associated with such a transaction.  At least three federal courts have concluded there is no such duty in Florida.  *See Brake v. Wells Fargo Fin. Sys. Fla., Inc.*, No. 8:10-cv-338, 2011 WL 6719215, at *10-11 (M.D. Fla. Dec. 5, 2011) (noting "federal courts applying Florida law have held that there is no legal duty to process loans competently."); *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1342-43 (S.D. Fla. 2011) (same); *Azar v. Nat'l City Bank*, No. 6:09-cv-400, 2009 WL 3668460, at *3 (M.D. Fla. Oct. 26, 2009) (dismissing negligence claim because the defendant bank had no duty under Florida law to process plaintiff's loan application properly); *Matthys v. Mortg. Elec. Registration Sys., Inc.*, No. 6:09-cv-1150, 2009 WL 3762632, at *2 (M.D. Fla. Nov. 10, 2009) (dismissing negligence claims as there is no duty under Florida law to use reasonable care in the evaluation of loan applications).  Absent a legal duty, Plaintiff's negligence claims fail as a matter of law.  Thus, Plaintiff's negligence claims against SecurityNational and Wells Fargo are due to be dismissed with prejudice.[3]

### *Plaintiff's Cross-Motions for Leave to Amend*

In his numerous oppositions, Plaintiff moves the Court for leave to amend his pleadings.  The Court is not inclined to grant such motions at this juncture, however.

---

[3]     A legal duty may arise from the facts of a particular case under the "foreseeable zone of risk" analysis, which Florida courts use to determine the existence of a legal duty.  *See, e.g., DaimlerChrysler Ins. Co. v. Arrigo Enters., Inc.*, 63 So. 3d 68, 74-54 (Fla. 4th DCA 2011).   Upon review of the factual allegations of the Third Amended Complaint, the Court concludes that Plaintiff has not alleged circumstances in which SecurityNational or Wells Fargo have a legal duty to Plaintiff.   Given Plaintiff's multiple opportunities to plead the existence of such circumstances, the Court will dismiss these negligence claims with prejudice.

Plaintiff failed to attach a proposed pleading to any of his cross-motions.  As such, the Court cannot satisfy itself that Plaintiff's amendments would not be futile.  Plaintiff's cross-motions, therefore, are due to be denied without prejudice.

Plaintiff may move for leave to amend his complaint on or before May 25, 2012. The proposed amended complaint shall be attached to such motion, as required by the Court's Local Rules and the Administrative Procedures for Electronic Filing in Civil and Criminal Cases.  Any such proposed amended complaint shall be consistent with this Order and the previous Orders of the Court.

Plaintiff shall specify, and where possible quote, each specific misrepresentation or omission and otherwise comply with the particularity requirement of Rule 9(b).  Each count of the complaint shall consist of claims brought against a single Defendant.  If Plaintiff contends the Camerons were acting at the behest of certain Defendants, the complaint shall allege facts supporting an agency relationship.  Counsel are reminded of their obligations under Federal Rule of Civil Procedure 11 as well.

### CONCLUSION

Accordingly, it is hereby **ORDERED**:

1.  Defendants America's First Home, LLP, America's First Home, America's First Home of Southwest Florida, LLP, and Barry E. Frey's Motion to Dismiss (Doc. No. 228) is **GRANTED**;

2.  Defendant SecurityNational Mortgage Company's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 230) is **GRANTED**;

3.  Defendant Wells Fargo Bank's Motion to Dismiss the Third Amended Complaint (Doc. No. 231) is **GRANTED**;

4.  Defendants Banyan Title and Escrow, Inc.'s and Seven O. Shaffer's

Motion to Dismiss the Third Amended Complaint (Doc. No. 233) is **GRANTED**;

5. Count I and Count II of Plaintiff's Third Amended Complaint are **DISMISSED without prejudice** to the extent such Counts are brought against Banyan Title, Shaffer, Frey, SecurityNational, Wells Fargo and the America First Defendants.  The negligence claims brought by Plaintiff against SecurityNational and Wells Fargo in paragraph 65 to paragraph 75 of the Third Amended Complaint are **DISMISSED with prejudice**.

6. Plaintiff's Cross-Motions for leave to file an amended complaint are **DENIED without prejudice**.  Plaintiff may move for leave to amend the complaint on or before May 25, 2012.  Any such motion shall comply with the Federal Rules of Civil Procedure and the Court's Local Rules.  The proposed amended pleading shall be attached as an exhibit and shall be consistent with the requirements of this and the previous Orders of the Court.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 10, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record