**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**DANIEL FELLNER,**

    **Plaintiff,**

**V.**                                               **Case No: 2:10-CV-155-FtM-99SPC**

**KERRY CAMERON, ET AL.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on Plaintiff, Daniel Fellner's Motion to Amend (Doc. #276) filed on June 12, 2012. Defendants Banyan Title & Escrow, Inc. and Steven O. Shaffer filed a response in opposition (Doc. #277) on June 25, 2012. No other Defendants have filed opposition to the Motion and the time to do so has expired. Therefore, the Motion is now ripe for review.

The Plaintiff filed the instant action on January 28, 2009. On September 14, 2010, this Court granted the Plaintiff's first Motion to Amend Complaint. (Doc. #111). On September 20, 2011, this Court granted the Defendants' Motion to Dismiss Plaintiff's Complaint and gave Plaintiff leave to file a Second Amended Complaint. (Doc. #215, 216).[1] The Plaintiff then filed a Third Amended Complaint with the Court on October 28, 2011. (Doc. #225). On May 10, 2012, the Honorable Roy B. Dalton, Jr., granted the Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint but allowed Plaintiff to move for leave to amend his complaint by May 25, 2012. (Doc. #272). Plaintiff then filed the instant Motion to Amend the Third

---

[1] Plaintiff titled this complaint the "Third Amended Complaint," even though a review of the docket reveals it was in fact his Second Amended Complaint.

Amended Complaint, which – if granted - would constitute the Fourth Amended Complaint. (Doc. #276).

The Eleventh Circuit has held that "[t]he decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). While timely motions for leave to amend are held to a very liberal standard, motions filed after the leave to amend deadline should be denied. Perez v. Pavex Corp., 2002 WL 31500404 (M.D. Fla. Oct. 18, 2002); Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla. 1999). Motions to amend filed after the Case Management and Scheduling Order's deadline are held to the "good cause" standard under Rule 16(b) and should be denied unless the schedule mandated in the scheduling order cannot "be met despite the diligence" of the moving party. Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); Smith v School Board of Orange County, 487 F.3d 136, 1366 (11th Cir. 2007). The deadline to amend pleadings in this case has long since passed. Therefore, the good cause standard found in Fed. R. Civ. P. 16(b) governs this Motion to Amend rather than the freely given standard found in Rule 15(a). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id. "If the complaint as amended would still be properly dismissed, then granting leave to amend is futile." Cone Fin. Group, Inc. v. Employers Ins. Co. of Wausau, 2012 WL 1414991 (11th Cir. Apr. 25, 2012) (citing Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010)).

In the May 10, 2012 Order granting the Defendants' Motion to Dismiss, the Court dismissed Counts I (fraud) and II (breach of fiduciary duty) without prejudice to the extent that

2

these Counts were brought against Defendants Banyan Title, Shaffer, Frey, Security National, and the American First Defendants. (Doc. #272, p. 10). Counts I and II were dismissed because Plaintiff failed to plead fraud with particularity as required by Federal Rule 9(b) and failed to allege facts sufficient to support an agency. In that Order, the District Court allowed Plaintiff time to amend and gave Plaintiff explicit instructions as to the deficiencies that must be corrected. Specifically, with regard to Count I (fraud), Judge Dalton found that Plaintiff alleged general categories of misrepresentations and omissions but did not point to any specific misrepresentations by Defendants, after which the Court noted that:

> Plaintiff must identify specific misrepresentations in the transaction documents or related communications, allege who made the misrepresentations, when the misrepresentations were made, how the misrepresentations led him, and the alleged benefit which accrued to each Defendant.
>
> Plaintiff fails to identify the purchase price of the properties, the dates of the closings, the documents containing the fraudulent statements, the fraudulent statements themselves, and the "kick-backs" allegedly paid to the various Defendants. (Doc. #272, p. 7).

The Court also noted that Plaintiff incorrectly lumped many Defendants together in claims relating to vaguely defined fraudulent conduct related to multiple transactions. (Doc. #272, p. 8). Further, with regard to Rule 9(b), the Court noted that Plaintiff appears to rely on allegedly fraudulent statements made by the Camerons and their company as agents of some or all of the remaining Defendants, and "to the extent Plaintiff is relying on an agency relationship, he must allege facts which support the existence of such relationship." Id. In conclusion, the District Court stated that "[p]laintiff shall specify, and where possible, quote, each specific misrepresentation or omission and otherwise comply with the particularity requirement of Rule 9(b). Each count of the complaint shall consist of claims brought against a single Defendant." (Doc. #272, p. 12).

Judge Dalton also dismissed Count III (negligence) against Defendants Security National and Wells Fargo with prejudice. From a review of the proposed Fourth Amended Complaint (Doc. #276-1), it appears that Plaintiff has dropped these Defendants from this lawsuit altogether.

It is important to note at the outset that the Counts that were at issue in the Court's dismissal order were Counts I (fraud), II (breach of fiduciary duty), and III (negligence) of Plaintiff's Third Amended Complaint. It did not address Count IV (mismanagement and conversion of funds) or the two additional Counts that were included in Plaintiff's Fourth Amended Complaint. Plaintiff's Fourth Amended Complaint lists six Counts, four of which were included in Plaintiff's Third Amended Complaint – Plaintiff seeks to add two new Counts. The Counts in the Fourth Amended Complaint are as follows: I (fraud), II (breach of fiduciary duty), III (negligence), IV (mismanagement and conversion of funds), V (breach of duty of good faith and fair dealing), and VI (deceptive and unfair trade practices).

After review of Plaintiff's Proposed Fourth Amended Complaint, which the Plaintiff attached to the instant Motion, the undersigned recommends that the Plaintiff complied with part of these instructions, as discussed more fully below.

With regards to Counts I (fraud) and II (breach of fiduciary duty), in its May 10, 2012 Order, the District Court dismissed Counts I and II without prejudice to the extent such Counts were brought against Banyan Title, Shaffer, Frey, Security National, Wells Fargo, and the America First Defendants, see p. 13, ¶5, for failure to comply with Federal Rule 9(b). Upon review of the Fourth Amended Complaint, the Court recommends that Plaintiff satisfied the particularity requirement of Rule 9(b) with regard to one Defendant, Kerry Cameron. Plaintiff separated out the Defendants in his amendment, as directed by the Court's Order. Plaintiff

further attached documents as exhibits to the Fourth Amended Complaint which contain the allegedly fraudulent statements. Plaintiff also includes the purchase price of the properties, the closing documents, and the dates of the closings. Plaintiff set out the false or misleading statements made by Kerry Cameron. See Doc. #276-1, ¶33.

With regard to the other Defendants, the Court recommends that Plaintiff failed to satisfy the particularity requirement of Rule 9(b). In fact, it appears that Plaintiff mostly reiterated the vague and conclusory allegations that were included in the Third Amended Complaint. Plaintiff failed to follow the Court's directive and include material facts in order to satisfy Rule 9(b), as the fraud claims in the Fourth Amended Complaint are essentially the same as the defective fraud claims from the Third Amended Complaint for the following Defendants: compare (Doc. #276-1, ¶142 with Doc. #225, ¶41 [RPMI]; Doc. #276-1, ¶162 with Doc. #225, ¶41 [John Murname]; Doc. #276-1, ¶172 with Doc. #225, ¶42 [BTEI]; Doc. #276-1, ¶192 with Doc. #225, ¶42 [Shaffer]; Doc. #276-1, ¶201 with Doc. #225, ¶43 [AFH]; Doc. #276-1, ¶214 with Doc. #225, ¶43 [Frey]). Further, it appears, as Judge Dalton indicated, that Plaintiff continues to rely, at least to come extent, on allegedly fraudulent statements made by the Camerons and their company as agents of some of the Defendants to support fraud claims against the other Defendants. For example, with regard to IBSWF and Nancy Cameron, Plaintiff simply states that the actions and omission of Kerry Cameron were within the scope of the business of IBSWF, and are therefore imputed to IBSWF and Nancy Cameron. ¶¶ 116, 129. No further information is offered than this. This does not comply with the District Court's directive on what is required to be alleged to support an actual or apparent agency relationship in Florida. See Doc. #272, pp. 8-9. As indicated by the District Court, "Plaintiff cannot rely on his subjective understanding of the Defendants' relationships or on a theory that the Camerons or

5

Investment Brokers acted in a manner which created an appearance of an agency relationship." Id. at 9. Plaintiff has done just that in his proposed Fourth Amended Complaint. Therefore, the undersigned recommends that Plaintiff met the pleading requirement for Counts I and II with regard to Defendant Kerry Cameron, but for no other Defendant. Based on the above analysis, it is respectfully recommended that the Plaintiff's Motion for Leave to Amend the Third Complaint be granted in part and denied in part.[2]

Accordingly, it is now

**RECOMMENDED:**

Plaintiff, Daniel Fellner's Motion to Amend (Doc. #276) be **GRANTED in part and DENIED in part** and Plaintiff be granted leave to file his Fourth Amended Complaint with the exception that Counts I & II be brought against Defendant Kerry Cameron only. The Court recommends that the Fourth Amended Complaint be revised prior to filing in accordance with the above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 26th day of July, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[2] As to the two additional Counts that Plaintiff raised for the first time in his Fourth Amended Complaint, there was no indication from any of the Defendants that they objected to the addition of those two additional counts. The only opposition filed to the Motion to Amend was by Banyan Title and Steven O. Shaffer, and they only objected on the basis of Federal Rule 9(b). Therefore, the Court recommends that Plaintiff amendment to include the two additional Counts is proper.