UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL FELLNER,

    Plaintiff,

v.                                    Case No: 2:10-cv-155-FtM-38CM

KERRY CAMERON, NANCY CAMERON, INVESTMENT BROKERS OF SW FLORIDA, INC., US BANK NATIONAL ASSOCIATION, RIVERSIDE BANK OF THE GULF COAST, SECURITY NATIONAL MORTGAGE COMPANY OF UTAH, AMERICA'S SERVICING COMPANY, WELLS FARGO BANK, NA, AMERICA'S FIRST HOME, AMERICA'S FIRST HOME OF SOUTHWEST FLORIDA and SECURITYNATIONAL MORTGAGE COMPANY,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion to Substitute Deceased Party Defendant (Doc. 375, "Motion to Substitute") filed on March 27, 2014. Defendants Nancy Cameron and Investment Brokers of SW Florida ("Defendants") filed their Opposition (Doc. 376) on March 28, 2014. The parties have filed a reply (Doc. 377) and surreply (Doc. 380).

Defendant Kerry Cameron ("Kerry") died on or about February 28, 2013. Doc. 357. Following proceedings in the Probate Court in the Circuit Court of the

Twentieth Judicial Circuit Court in and for Lee County, Florida ("probate action"), Anthony Cubello was appointed as the Personal Representative of the Estate of the Kerry Michael Cameron. Doc. 375-1. Accordingly, Plaintiff moves to substitute Mr. Cubello, in his capacity as the Personal Representative of the Estate of the Kerry Michael Cameron ("Estate") for the decedent Kerry Cameron, pursuant to Federal Rule of Civil Procedure 25. For the reasons stated herein, the Motion to Substitute is granted.

### I. Background

Just prior to Kerry's unfortunate death, the parties had settled this case; but it was not reduced to writing. Docs. 357, 375 at 1-2. On March 5, 2013, Kerry's counsel filed a Suggestion of Death. Doc. 359. On March 6, 2013, the Court continued the matter for 90 days. Docs. 358, 360. Nothing further was filed by the parties, and on July 12, 2013, the Court directed Plaintiff to update the Court regarding the status of the case. Doc. 363. Plaintiff informed the Court that because the Estate had not yet entered into probate, he had not been able to substitute the decedent's Estate for the decedent. Doc. 364. Plaintiff stated that he was providing time for Kerry's family to proceed with filing a probate estate. *Id.* at 2. Plaintiff requested additional time to substitute the Estate as the proper party defendant to allow the Estate to enter probate. *Id.*

Although the 90-day time period to substitute as set forth in Federal Rule of Civil Procedure 25(a) had expired, the Court found good cause to grant an extension

of time to file a motion for substitution.[1]  Doc. 365 at 2-3.  The Court allowed Plaintiff 30 days to either move to substitute or file a status report regarding the probate proceedings.  *Id.* at 3.

After coordinating with opposing counsel, Plaintiff filed the probate action on August 30, 2013, requesting that Plaintiff's local counsel, Richard S. Annunziata, Esq., be named as personal representative.  Doc. 366.  Thus, on September 5, 2013, the Court directed Plaintiff to file a status report on the first of each month until the probate issue was resolved or file a motion to substitute within 14 days of the Estate entering probate.  Doc. 367.

On October 1, 2013, Plaintiff's status report stated that the probate court appointed Mr. Annunziata as personal representative on September 6, 2013.  Docs. 368, 376-2.  After that time, Plaintiff learned the names and ages of infant children of Kerry, which were necessary to name in the probate proceedings.  Doc. 368 at 2.  Therefore, Plaintiff stated that he was in the process of filing an amended petition for letters of administration ("amended petition") and would move to substitute once valid letters of administration were issued.  *Id.*  Plaintiff's next two status reports stated that after he filed and served the amended petition, attorney for the decedent and Defendant Nancy Cameron ("Nancy"), filed an objection in the probate action to

---

[1] Federal Rule of Civil Procedure 25 states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Mr. Annunziata being named as personal representative based upon a conflict of interest due to Mr. Annunziata's representation of Plaintiff in this case. Docs. 369, 370. On January 31, 2014, Plaintiff informed the Court that a hearing was held before the probate court, after which the parties met and conferred in an effort to reach an agreement on a personal representative. Doc. 372. The parties agreed that a public personal representative should be appointed. Doc. 374. On February 13, 2014, the probate court issued an order granting withdrawal of Mr. Annunziata as personal representative and appointing Anthony Cubello as personal representative of the Estate. Doc. 375-1.[2] On March 27, 2014, Plaintiff filed the Motion to Substitute. Doc. 375.

## II. Analysis

Defendants object to the substitution solely on the grounds that it is untimely, arguing that Plaintiff has not shown excusable neglect for his delay in filing over one year after Kerry's death. Plaintiff responds that the cause of the delay was set forth in its status reports provided to the Court and constitutes excusable neglect. The Court agrees.

Generally a motion for substitution must be filed within 90 days after service of the statement of death. Fed. R. Civ. P. 25(a). "Despite the mandatory language in the Rule, the Court has substantial discretion to interpret the rule liberally so as to effectuate its underlying purpose." *Schmidt v. Merrill Lynch Trust Co.*, 2008 WL

---

[2] Plaintiff's last status report (Doc. 374), filed on March 3, 2014, states that the parties were waiting for an order from the probate court at that time. It does not appear that Plaintiff had received the probate court's February 13, 2014 order as of this date.

2694891, at *2 (M.D. Fla. June 30, 2008). The Court is authorized pursuant to Fed. R. Civ. P. 6(b)(1)(B) to extend the period within which substitution of a party may be made, even after the 90-day deadline has expired, where a party can show that its failure to act earlier was the result of excusable neglect. *Id.* at *3.

This Court previously found good cause for extending the time for Plaintiff to file a motion to substitute. *See* Doc. 365. Since that time, this case was necessarily extended by both the Plaintiff's and the Defendants' actions in the probate proceedings, as set forth in Plaintiff's status reports, all filed in compliance with the Court's Order (Doc. 367). *See* Docs. 366, 368-372, 374. Thus, taking these circumstances into consideration, the Court concludes that any delay in filing the motion to substitute was the result of excusable neglect, and the motion to substitute is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Motion to Substitute a Party (Doc. 375) is **GRANTED**. Anthony Cubello, in his capacity as the Personal Representative of the Estate of Kerry Michael Cameron, is hereby substituted for Defendant Kerry Cameron.

2.  The Clerk of Court is directed to terminate Defendant Kerry Cameron on the docket sheet and substitute "Anthony Cubello, in his capacity as the Personal Representative of the Estate of Kerry Michael Cameron" in his place.[3]

---

[3] The Certificate of Service in Plaintiff's Reply (Doc. 377) states that a copy was sent to Kenneth Thompson, Esq., as attorney for the personal representative of the Estate, but an address was not included. Thus, the Court directs Plaintiff to provide a copy of this Order to Mr. Thompson. Thereafter, Mr. Thompson should enter an appearance in this matter on

- 6 -

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

behalf of the Estate.